UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA F. CROOKS, et al.,

          Plaintiff,

v.

ROSS FERNANDEZ, et al.,

          Defendants.
_____/

Civil Action No. 24-13164

Judith E. Levy
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 11, 17)

Plaintiffs Sheila F. Crooks and Stephen C. Crooks, bring this action in their individual capacities and as Trustees of the Stephen C. Crooks and Sheila F. Crooks Trust (collectively, "Plaintiffs") against Ross Fernandez and a slew of corporations that own and/or operate Culvers restaurants throughout Michigan (collectively, "Defendants"). (ECF No. 8).[1] While Plaintiffs' operative amended complaint is lengthy and vague in some important respects, generally speaking, it alleges that Plaintiffs provided "equity investment funding" so that Defendants could purchase and/or build Culvers restaurants, and that through a "scheme to defraud and oppress Plaintiffs' rights as shareholders and members of the Defendant companies," Defendants wrongfully converted Plaintiffs' equity investments into "long-term unsecured loans."

Plaintiffs assert a sole federal claim under Section 10b and Rule 10b-5 of the

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), the case has been referred to the undersigned for all pretrial purposes. (ECF No. 14).

Securities and Exchange Act of 1934, 15 U.S.C. § 78j, 17 C.F.R. 240.10b-5 (Count I), as well as a series of state law claims, including: shareholder oppression (Count II); member oppression (Count III); misrepresentation (Count IV); fraud (Count V); breach of contract (Count VI); common law conversion (Count VII); statutory conversion (Count VIII); violation of Michigan's securities laws (Count IX); breach of fiduciary duty (Count X); breach of promissory note (Count XI); and breach of guaranty (Count XII).

Before the Court are two motions to dismiss filed by the Defendants. (ECF No. 11, 17). The motions were fully briefed, and the Court held oral argument on September 2, 2025.

As the Court explained on the record, it is difficult to discern the precise details of the Defendants' alleged misrepresentations, including when the alleged misrepresentations were made, whether they were made with knowledge of a present factual falsity, or with fraudulent intent about future conduct, and which of Plaintiffs' investments the misrepresentations allegedly impacted. Those details are important because although "in general, actionable fraud must be predicated on a statement relating to a past or existing fact," fraud in the inducement "occurs where a party materially misrepresents future conduct." *Samuel D. Begola Services, Inc. v. Wild Bros.,* 210 Mich. App. 636, 639 (1995). And, whereas the latter form of fraud may "render[] the contract voidable at the option of the defrauded party," where the contract contains a merger clause, "the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause." *UAW–GM Human Resource Ctr. v. KSL Recreation Corp.,* 228 Mich.

2

App. 486, 503 (1998) (citing 3 Corbin, Contracts, § 578). To that end, identifying the alleged misrepresentations' precise contours is important because one determination the Court may need to make in this case is whether the alleged misrepresentations "expressly contradict" the salient terms of the parties' written agreements. *United Wholesale Mortg., LLC v. Am.'s Moneyline, Inc.*, 647 F. Supp. 3d 587, 596 (E.D. Mich. 2022).

As explained on the record, the Court will allow Plaintiffs an opportunity to file an amended complaint that provides the salient details regarding the Defendants' alleged misrepresentations. Defendants may then file a renewed motion to dismiss if they so desire.[2]

Accordingly, **IT IS RECOMMENDED** that Defendants' motions to dismiss **(ECF Nos. 11, 17)** be **DENIED WITHOUT PREJUDICE**. Plaintiffs should be given 30 days to file an amended complaint, and Defendants should be given 30 days thereafter to answer or otherwise respond to that pleading.

Dated: September 5, 2025       s/David R. Grand
Ann Arbor, Michigan      DAVID R. GRAND
     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

---

[2] Should Defendants file such a motion, and should they re-raise the statute of repose/limitations arguments contained in their initial motions to dismiss, they shall address the Eastern District of Michigan case that the Court raised at the hearing, *Equity Tr. Co. v. Kopacka*, No. 17-12275, 2018 WL 3708078, at *5 (E.D. Mich. Aug. 3, 2018).

hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 5, 2025.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
